IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN FLOYD DUNLAP, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:08-0077 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| JAMES KING, NO. 473975 | ) | |
| Individually, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Before the Court is the Plaintiff's motion for a new trial (Docket Entry No. 46), contending that the jury's verdict is contrary to the weight of the evidence and that Defendant's counsel engaged in improper conduct in mischaracterizing evidence at trial and in closing arguments by arguing that the Defendant would be personally liable for any damages. Plaintiff cites defense counsel's excessive leading questions to defense witnesses in violation of the Court's rulings and admonitions, including the Court's warning that defense counsel's continued conduct could require a new trial.

In response, Defendant contends that the jury instructions stated that neither Metropolitan Government of Nashville, Tennessee was a party and this instruction justified his reference to the Defendant's personal liability for any damages award. Defendant asserts that Plaintiff has failed to document his counsel's mischaracterization of the evidence.

Rule 59 of the Federal Rules of Civil Procedure provides that a new trial may be granted after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The granting of a new trial is within the trial

court's sound discretion. <u>Allied Chemical Corn. v. Daiflon. Inc.</u>, 449 U.S. 33, 36 (1980) and "is confided almost entirely to the exercise of discretion on the part of the trial court". <u>Id.</u> Under Fed. R. Civ. P. 59(a)(l)(A) "a new trial is warranted when a jury has reached a seriously erroneous result ...." <u>Strickland v. Owens Corning</u>, 142 F.3d 353, 357 (6th Cir. 1998) (citation omitted). A "seriously erroneous result" is evidenced by: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." <u>Holmes v. City of Massillon</u>, 78 F.3d 1041, 1046 (6th Cir.1996).

In <u>Strickland</u>, the Sixth Circuit outlined the following analysis for ruling on a motion for a new trial:

> [I]n ruling upon a motion for a new trial based on the ground that the verdict is against the weight of the evidence, the trial court must compare the opposing proofs, weigh the evidence, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence. It should deny the motion if the verdict is one which could reasonably have been reached, and the verdict should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable.

142 F.3d at 357 (quoting <u>J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co.</u>, 936 F.2d 1474, 1487 (6th Cir.1991)). In the Court's view, the weight of the evidence issue is interrelated to the conduct of defense counsel's excessive leading questions of his own witnesses because in effect, defense counsel became a defense witness.

As to the conduct of defense counsel, in <u>Cleveland</u>, the Sixth Circuit assessed an improper conduct of trial counsel stating that "the determination of the extent of permissible comment and argument by counsel rests primarily in the judicial discretion of the lower court." 624 F.2d at 756 (citations omitted). "[W]hether misconduct in a trial of a cause of

2

action is of such a nature that a fair or impartial verdict cannot be reached is in the first instance for the trial court's determination." Id. at 756 (citation omitted). "The trial court is, of necessity, clothed with a great deal of discretion in determining whether an objectionable question is so prejudicial as to require a retrial . . . The trial court is in a far better position to measure the effect of an improper question on the jury than an appellate court which reviews only the cold record." Id. at 756 (citation omitted). In the Sixth Circuit, if "there is a reasonable probability that the verdict of [the] jury has been influenced by such conduct, it should be set aside." Strickland, 142 F.3d at 358 (citing Cleveland v. Peter Kiewit Sons' Co., 624 F.2d 749, 756 (6th Cir.1980) and Holmes, 78 F.3d at 1045-46 ("[A] new trial is warranted when a jury has reached a seriously erroneous result as evidenced by ... the proceedings being influenced by prejudice or bias.")).

As examples of improper conduct by trial counsel, the Sixth Circuit stated that trial "counsel should not introduce extraneous matters before a jury or, by questions or remarks, endeavor to bring before it unrelated subjects". Id. at 756 (citation omitted). If trial counsel does so, " where there is a reasonable probability that the verdict of a jury has been influenced by such conduct, [the verdict] should be set aside." Id. In determining whether "there is a reasonable probability that the verdict of a jury has been influenced" by counsel's conduct, the Court must examine the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case (e. g. whether it is a close case), and the verdict. Id.

In assessing these factors on counsel's conduct, the Court need not "rely on any of the

3

individual instances or types of impropriety." Cleveland, 624 F.2d at 758-59 (internal citations omitted). In Cleveland, the Court noted that counsel's improprieties permeated the entire trial in "a continuing pattern of misconduct." Id. There, counsel's remarks "were persistently made over the recurring and almost constant objection of counsel for the appellant," and were repeated even though the trial court had sustained the objections and admonished the jury. Id. In addition, defense counsel persisted even after the trial court explicitly reprimanded him for his misconduct. The Court in Cleveland held that the cumulative effect of counsel's remarks undoubtedly served to leave the intended, indelible impression upon the minds of the jurors. Id.

Here, defense counsel repeatedly ignored the Court's rulings that his excessive leading questions of his own witnesses were improper. The effect of such a method of questioning is that defense counsel is testifying as to the facts of the case. The Court repeatedly admonished defense counsel that such questioning was improper and directed him to cease such method of questioning. During the trial, the Court repeatedly and expressly warned defense counsel that the Court was considering a mistrial, if his contemptuous conduct persisted. Nonetheless, Metro's counsel continued his misconduct. The Court is convinced that defense counsel's conduct was designed to determine the evidence that the jury would consider. Defense counsel's continuing conduct in this regard undermined the Court's evidentiary rulings. The record does not capture defense counsel's disregard for the Court's rulings. See Maday v. Public Libraries of Saginaw, 480 F.3d 815, 817 (6th Cir. 2007).

As to the Defendant's counsel's closing argument, this argument raises the issue of the Defendant's ability to pay a judgment against him. This argument was, in effect, a jury nullification argument that asks the jury to forget the facts and decide the case on the fact that a

4

Case 3:08-cv-00077 Document 51 Filed 07/15/09 Page 4 of 5 PageID #: 181

police officer must personally pay any judgment. Such an argument pertaining to a party's wealth or lack thereof is improper. See Maday, 480 F.3d at 818. The jury instruction that Metro was not a named party and could not be held liable does not refer or relate to the Defendant's ability to pay a damages award. This argument is improper and in the Court's view, this defense argument improperly influenced the jury's verdict.

For the above stated reasons, the Court concludes that Plaintiffs' motion for a new trial should be granted.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the  15th  day of July, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge